### No. 650

### ABEL v. SCHALLER.

Ohio Appeals, 8th Di.t., Cuyahoga Co.

No. 7294. Decided June 27, 1927.

**59. ALIENATING AFFECTION — 480. Evidence—1.** In action for alienating affection, exclusion of evidence of conversation between husband, wife and wife's mother which would tend to show husband guilty of indiscretion of nature so serious as to threaten breaking up of martial relations, is prejudicial error.

**2.** Admission in evidence of letter written by wife at age of sixteen, before marriage, is prejudicial error. .

**59. ALIENATING AFFECTION — 1265. Weight of Evidence.**—In action for alienating affection, verdict for husband, where evidence shows that before wife met defendant she had considerable friction and difficulty with husband, and that they were often near breaking point and fails to show improper relation between wife and defendant, is against the weight of evidence.

Error to Common Pleas.

Judgment Reversed.

**First Publication of this Opinion**

LEVINE, J.

Schaller brought this action in the Court of Common Pleas against Abel, asking damages for the alienation of the affections of his wife. The evidence showed that Schaller's wife had left him and gone back to her home in Pennsylvania, and brought suit for divorce. The jury returned a verdict for Schaller in the sum of $25,000.

Various assignments of error are urged. We shall consider the principal complaints, which are as follows:

1. Error in the exclusion of evidence.
2. Error in the admission of evidence.
3. That the verdict is manifestly against the weight of the evidence.

Abel, by way of defense sought to show that the real cause why Mrs. Schaller left her husband was traceable to abuse, ill treatment and misconduct. An inquiry was made concerning conversation had between the mother of Mrs. Schaller, Mrs. Schaller, and Cornelius Carl Schaller. The court sustained an objection and excluded the inquiry. The offer is a matter of record, and there was read into the record what plaintiff in error expected the answer to be. The substance of the answer, if given,

would have been that Schaller was guilty of indiscretion of a nature ·so serious as to threaten the breaking up of the martial relations between him and his wife. This evidence was clearly competent as it went to the very essence of the complaint and was bound to have an importont bearing upon the issues of the case. We are of the opinion that said inquiry was erroneously checked, and that there was error in the exclusion of the answer.

There was offered in evidence, as part of defendant in error's case, a so-called loveletter, purported to have been written by Mrs. Schaller when sixteen years of age, and before she entered into marital relations with defendant in error. This letter was introduced for the purpose of showing the great affection which she felt for Mr. Schaller. Objection was made to the introduction of said letter, which objection was overruled, and due exception taken. We are unable to discover the legal reason for the admission of said letter. At the time the letter was written, Mrs. Schaller was a mere child, 16 years of age, and as yet unmarried to Mr. Schaller. There is no presumption that these affections continued or that they did not slacken with experience, when she actually married. It is not at all uncommon for young and inexperienced girls to entertain affection for the man of their dreams and have those dreams dispelled by actual contact with their visionary ideal. We hold that there was error in the admission of said letter.

We now approach the question of substantial justice. The legal or technical errors to which we have heretofore alluded would, in some cases be overlooked, if upon a study of the entire record it be found that substantial justice was done. The evidence is clear that long before Mrs. Schaller met Abel, she had considerable friction and difficulty with her husband. They were near the breaking point quite often. The record is totally devoid of any evidence showing improper relations between Abel and Mrs. Schaller. The process of estrangement began and made rapid strides long before she met plaintiff in error. The vredict of the jury, in our opinion, is manifestly against the weight of the evidence, and we so hold.

Judgment reversed.

(Sullivan, PJ., and Vickery, J., concur).

**Attorneys**—Turney & Sipe for Abel; Payer, Minshall, Karch & Kerr for Schaller; all of Cleveland.